IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02066-BNB

MANUEL S. DePINEDA,

    Applicant,

v.

TOM CLEMENTS, Warden CDOC, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Manuel S. DePineda, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. DePineda has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and an amended habeas corpus application (ECF No. 3). Mr. DePineda alleges that he is challenging the validity of his state court conviction and sentence in Denver District Court case number 88CR1103.  For the reasons stated below, the habeas corpus claims will be dismissed for lack of jurisdiction.

    Mr. DePineda previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction and sentence.  See *DePineda v. McKenna*, No. 90-cv-01443-SGF-DEA (D. Colo. Oct. 17, 1990), *appeal dismissed*, No. 90-1312, 1991 WL 65066 (10th Cir. Apr. 24, 1991); *DePineda v. Gunter*, No. 91-cv-00977-DBS-RMB (D. Colo. Aug. 5, 1991), *appeal dismissed*, No. 91-1294, 1991 WL 268841 (10th Cir. Dec. 11, 1991); *DePineda v.*

*Cooper*, No. 92-cv-01400-LTB (D. Colo. Nov. 16, 1992), *aff'd*, No. 93-1212, 1993 WL 482907 (10th Cir. Nov. 22, 1993); *DePineda v. Gunter*, No. 93-cv-00446-EWN (D. Colo. Apr. 30, 1994); *DePineda v. Zavaras*, No. 93-cv-02665-LTB (D. Colo. Jan. 20, 1994), *aff'd*, No. 94-1052, 1994 WL 475019 (10th Cir. Sept. 1, 1994); *DePineda v. Golder*, No. 03-cv-01106-ZLW (D. Colo. July 1, 2003); *DePineda v. Ortiz*, No. 04-cv-01199-ZLW (D. Colo. July 20, 2004); *DePineda v. Ortiz*, No. 05-cv-00691-ZLW (D. Colo. Apr. 22, 2005); *DePineda v. Milyard*, No. 09-cv-02009-ZLW (D. Colo. Sept. 16, 2009), *appeal dismissed*, No. 09-1424 (10th Cir. Dec. 10, 2009); *DePineda v. Milyard*, No. 09-cv-02594-ZLW (D. Colo. Nov. 20, 2009), *appeal dismissed*, No. 09-1540 (10th Cir. Feb. 11, 2010). One of these prior actions was dismissed without prejudice for failure to exhaust state remedies. *See* 92-cv-01400-LTB. Three other actions were transferred to the Tenth Circuit because Mr. DePineda had not obtained authorization from that court to file a second or successive application. *See* 05-cv-00691-ZLW; 04-cv-01199-ZLW; 03-cv-01106-ZLW. Mr. DePineda's most recent habeas corpus actions were dismissed for lack of jurisdiction because he had not obtained the necessary authorization to file a second or successive application. *See* 09-cv-02594-ZLW; 09-cv-02009-ZLW. The remaining actions were dismissed on the merits.

Although Mr. DePineda denies that he has filed any prior actions challenging the validity of his conviction in federal court (*see* ECF No. 1 at 6; ECF No. 3 at 7), the Court may take judicial notice of its own records and files that are part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court has examined the records for the cases listed above and finds that Mr. DePineda previously challenged the validity of the same conviction in

2

those cases. Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. DePineda must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. DePineda does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be
> considered in deciding whether a transfer is in the interest of

> justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter."  *See id.* at 1252.

Mr. DePineda is not asserting any claims in this action that are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2).  Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion.  Although it appears that Mr. DePineda's claims would be time-barred if filed anew in the proper forum, it appears that the claims would be time-barred even if Mr. DePineda had sought proper authorization prior to filing in this Court.  There also is no indication that the claims Mr. DePineda seeks to raise have any merit.  Finally, it was clear when the instant action was filed that this Court lacks jurisdiction because Mr. DePineda has filed prior habeas corpus actions challenging the validity of the same conviction that were dismissed on the merits.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.

Finally, the Court notes that part of the relief Mr. DePineda seeks is an award of damages, relief that is not appropriate in a habeas corpus action.  To the extent Mr.

DePineda is asserting any claims that are not habeas corpus claims, those claims will be dismissed because Mr. DePineda is subject to a sanction order that restricts his ability to file *pro se* actions in this court.  See *DePineda v. State of Colorado*, No. 98-cv-02067-ZLW (D. Colo. Feb. 25, 1999).  In 98-cv-02067-ZLW, Mr. DePineda was "prohibited from initiating a lawsuit in this Court unless he is represented by a licensed attorney admitted to practice in this Court or unless he obtains permission to proceed *pro se* by following the procedures listed in Appendix A."  *Id.* at 1-2.  The procedures listed in Appendix A to the sanction order entered in 98-cv-02067-ZLW require Mr. DePineda to submit a petition titled "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action," an affidavit, and a copy of the complaint or other papers sought to be filed *pro se*.  Mr. DePineda is not represented by an attorney in this action and he has not obtained leave of court to proceed *pro se*.  In fact, Mr. DePineda has not even filed a proper petition seeking leave of court to proceed *pro se* as required by the procedures set forth in Appendix A to the sanction order in 98-cv-02067-ZLW.  Therefore, to the extent Mr. DePineda may be asserting claims that are not habeas corpus claims, those claims will be dismissed for failure to comply with the sanction order.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF No. 3) are denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  14th  day of   August  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court