IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02066-LTB

MANUEL S. DePINEDA,

    Applicant,

v.

TOM CLEMENTS, Warden CDOC, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER DENYING MOTIONS TO RECONSIDER

Applicant, Manuel S. DePineda, has filed *pro se* on August 20, 2012, two documents (ECF Nos. 6 & 7) challenging the Order of Dismissal and the Judgment entered in this action on August 14, 2012. The Court must construe the documents liberally because Mr. DePineda is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court construes the documents liberally as motions to reconsider. For the reasons discussed below, the motions to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Mr. DePineda's motions to reconsider pursuant to Rule 59(e) because the motions were filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant habeas corpus action for lack of jurisdiction because Mr. DePineda previously has challenged the validity of his conviction in a number of federal court habeas corpus actions and he has not obtained authorization to file a second or successive application. Mr. DePineda asserts in the motions to reconsider that the instant action is not successive and that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) do not apply to this action. He also argues that the judgment of conviction he is challenging violates his rights under the United States Constitution.

Upon consideration of the motions to reconsider and the entire file, the Court finds that Mr. DePineda fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Court remains convinced

that the provisions of the AEDPA apply to this action because the action was filed after the effective date of the AEDPA. *See Snow v. Sirmons*, 474 F.3d 693, 696 (10th Cir. 2007). Therefore, the motions to reconsider will be denied. Accordingly, it is

ORDERED that the motions to reconsider (ECF Nos. 6 & 7) filed on August 20, 2012, are DENIED.

DATED at Denver, Colorado, this  22nd   day of    August      , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court